In the United District Courts
for the Eastern District of Texas
Tyler Division

In Re Tracy Gibson #2057934 §
(pro se) Relator       §
                       §   Tr. Ct. No.: F14962-2007
  - v.s. -             §
                       §   C.C.O.A. No.: WR-68,962-16
State of Texas         §
By Respondents         §   9:21cv25 RC/KFG
                       §   (to be filled by Clerk of Court)

TO: Clerk of Court:

## "WRIT OF MANDAMUS"

Comes now, Relator, Tracy Gibson, TDCJ #2057934, appearing pro se; to present to this court his WRIT OF MANDAMUS, that is ministerial in nature; and, the only remedy available to, Relator.

### I. BACKGROUND

Relator/Claimant, Tracy Gibson, filed his claim under Civil Practice and Remedies Code §103 Compensation to Persons Wrongfully Imprisoned in, November, 2020, to the Texas Comptroller of Public Accounts, Kim Morton, # (936)-560-7767. Said CLAIM was denied within 30-45 days and; CLAIMANT, filed his state writ of mandamus that was his only remedy under Civ. Prac. Rem. Code §103.051(e). This writ was filed to the CRIMINAL COURT OF APPEALS, CLERK of Court; DEANA WILLIAMSON in, December 8th, 2020; and was 'denied without written order' as of December 23rd, 2020.

(1)

## I. BACKGROUND - (cont'd)

CLAIMANT, raised the issue that his trial court; being the 145th judicial district of Nacogdoches County, Texas, honorable judge Campbell Cox II, presiding in cause no.: F1496220007, did NOT have jurisdiction to obtain the conviction. When claimant, raised this issue pursuant to Civ. Proc. Rem. Code §103; an inquiry, de Novo, must be made. The Criminal Court of Appeals refuses to comply with §103.051 and allow, RELATOR/CLAIMANT, to have his claim investigated, and, reviewed.

## II HISTORY OF CASE

RELATOR, Tracy Gibson, was originally convicted by plea bargain for the offense of aggravated Robbery P.C. §29.03 - 20 y/ls to serve in TDCJ, in April, 2007. This conviction received state habeas corpus relief from the Criminal Court of Appeals [see cause no.: WR-68,962-01] in January, 2016, eight years into his sentence. During the new trial, the STATE had envoked Texas Code and Criminal Procedure article §28.10. The States intent was to "amend the indictment". To do so, required that, RELATOR, be reindicted by an indictment being 'resubmitted' to a grand jury, see U.S. v. Partida, 385 F.3d 546; and Tex. Cost. Art. I §12(b). This re-establishes, RELATORS, constitutional rights to Due Process; AND, Double Jeopardy. The trial court violated both by allowing , RELATOR, to sign a new plea bargain without the courts jurisdiction, a month after, the state, filed its motion to amend the indictment in, March/April, 2016. Before, RELATOR, was released from the custody of TDCJ-Stile Unit Warden, did not (NOTIFY), RELATOR, orally or in writing information to be compensated. Therefore, it was negligent of the department to bring to, RELATORS, attention to promptly file his claim.

(2)

## III. ARGUES

RELATOR, argues that the trial court (145th Dist. Nacogdoches County) sustained it's conviction without jurisdiction for failing and neglecting to submit an indictment to the grand jury of new trial. Furthermore, a prima facie showing of a violation of his constitutional rights guaranteed him under Tex. Const. Art. I § 12(b); Pursuant to T.C.C.P. and therefore, RELATOR, is WRONGFULLY IMPRISONED.

## IV. RELIEF

RELATOR, TRACY GIBSON, TDCJ #2057934, is entitled to relief to compensation to wrongfully imprisoned persons and to be acquitted and released from his conviction/sentence. The statute of limitations in accordance to TEXAS Code and CRIMINAL PROCEDURE Art. §12.01 (4)(A) prevents the state of Texas to further convict for failing to promptly indict, RELATOR, within 5 years from the date of the offense. ORAL ARGUMENT REQUESTED.

## V. CERTIFICATE OF SERVICE

RELATOR, TRACY GIBSON, hereby certifies and declares under penalty of perjury that he has utilized the United States Postal Services to have delivered his WRIT OF MANDAMUS w/ attached documents to: United District Courts of the Eastern District, Lufkin Division,
   Clerk of Court
   1517 W. Front St.
   Lufkin, Texas 75901

RESPECTFULLY, submitted and executed by me on this 27th day of ~~February~~, 2021.
January

Tracy Gibson     1-27-21
Print                       date

Tracy Gibson     1-27-21
signature                date

Tracy Gibson #2055728
French Robertson Unit
12071 FM 3522
Abilene, Texas 79601-8799

Thursday, Nov. 5th, 2020.

TO: Clerk of Court PAT Littleton
101 W. Main, Ste. 220
Nacogdoches, Texas 75961

Re: FI 49622007
Compensation to Persons Wrongfully Imprisoned §103

Dear Clerk,

Enclosed is my application to the Comptroller in your district. Please docket it and assign a cause no. Please send a courtesy copy to me for my records. Thank you!

Sincerely,
Tracy Gibson

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

**12/23/2020**
**GIBSON, TRACY RAY**       Tr. Ct. No. F149622007       **WR-68,962-16**
This is to advise that the Court has denied without written order motion for leave to file the original application for writ of mandamus.

Deana Williamson, Clerk

TRACY RAY GIBSON
ROBERTSON UNIT - TDC # 2057934
12071 FM 3522
ABILENE, TX 79601

8K-28T

---

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS    FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

**12/8/2020**
**GIBSON, TRACY RAY**       Tr. Ct. No. F149622007       **WR-68,962-16**
On this day, the motion for leave to file the original application for writ of mandamus and original application for writ of mandamus has been received and presented to the Court.

Deana Williamson, Clerk

Rec'v'd on 12-15-20

TRACY RAY GIBSON
ROBERTSON UNIT - TDC # 2057934
12071 FM 3522
ABILENE, TX 79601



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-68,962-01

### EX PARTE TRACY RAY GIBSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F14962-2007-A IN THE 145TH DISTRICT COURT FROM NACOGDOCHES COUNTY

*Per curiam.*

### OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). This Court originally denied the application without written order on January 9, 2008. However, it has since come to light that the denial was erroneous, and this Court therefore reconsidered the denial on the Court's own motion.

Applicant pleaded guilty pursuant to an indictment which named the offense as aggravated robbery but alleged the elements of robbery, enhanced by a prior felony conviction. Pursuant to a plea agreement, Applicant was sentenced to twenty years' imprisonment. He did not appeal his

conviction.[1]

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel did not investigate and discover that the facts did not support a charge of aggravated robbery. Applicant also alleges that trial counsel did not explain to him the elements of the offense of aggravated robbery. We remanded this application to the trial court for findings of fact and conclusions of law.

Trial counsel filed an affidavit with the trial court. In the affidavit, trial counsel notes that he was appointed and first met with Applicant on the same day Applicant entered his plea of guilty in this case and two other cases. Trial counsel states that he discussed the charges with Applicant, and advised him of the punishment ranges applicable to each charge. Trial counsel advised Applicant of the effect of the prior conviction alleged for enhancement purposes. Trial counsel reviewed the files of the District Attorney and discussed with Applicant the facts contained in the files. Plea negotiations were conducted, and an agreement was reached on that same day. Trial counsel states that he advised Applicant that they could ask for a trial setting to give counsel more time to investigate the charges, and advised Applicant that he did not have to enter a plea at that first appearance. Trial counsel states that he discussed the offenses alleged "and any lesser included offenses" with Applicant, and advised him of the facts that would have to be proved by the State in each case. Trial counsel's affidavit does not address the question of whether he noticed or advised Applicant that the allegations in the indictment did not support a charge of aggravated robbery, but alleged only the elements of robbery. Nor does the affidavit state that there was evidence which

---

[1]Applicant did try belatedly to file a direct appeal, but the appeal was dismissed for want of jurisdiction. *Gibson v. State*, No. 12-12-00403-CR (Tex. App. – Tyler, December 5, 2012)(not designated for publication).

would have supported a charge of aggravated robbery had the error in the indictment been pointed out and the case been re-indicted.

Applicant alleges that he would not have pleaded guilty in this case in exchange for a twenty-year sentence had he known that the correct punishment range applicable to the offense was five to ninety-nine years' or life imprisonment, as opposed to fifteen to ninety-nine years' or life imprisonment, as he was admonished.

Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). Because the prosecutor, defense counsel and the trial court were all under the mistaken belief that Applicant was charged with aggravated robbery with a single enhancement, Applicant was not advised of the correct punishment range for the offense to which he was pleading guilty. Nor was he correctly advised of the facts which the State would have to prove to convict him of aggravated robbery. Therefore, his decision to plead guilty cannot be said to have been knowingly and intelligently made with a full understanding of the facts and the law applicable to the case.

Relief is granted. The judgment in Cause No. F14962-2007 in the 145th District Court of Nacogdoches County is set aside, and Applicant is remanded to the custody of the Sheriff of Nacogdoches County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 13, 2016
Do not publish

Tracey Gibson #2052936
French Robertson Unit
12071 FM 3522
Abilene, Texas 79601-8799

Wednesday, 27th, January, 2021.

TO: Eastern District for Lufkin Div.
Clerk of Court
1517 W. Front St.
Lufkin, Texas 75901

Re: F149622007
WR-68,962-16

Dear Clerk;

Enclosed is my Writ of Mandamus w/ attachments in support. Oral arguement is requested. Please docket it for the courts' caseload at your earliest convenience. All further inquiries can be directed towards me at the address above. Legal phone calls or TeleCommunications system, can be set up thru my institutional law Library. Please return a courtesy copy of the writ of mandamus with the writ #. Thank You!

Sincerely,
Tracy Gibson

TRACY GIBSON #2057934
French Robertson Unit
12071 FM 3522
Abilene, Texas 79601-8799

"LEGAL"

The United District Court
For the Eastern District
Lufkin Division
Clerk of Court
1517 W. Front St.
Lufkin, Texas 75901